Max Bloom, J.
On April 5, 1965 defendant was charged, in a seven-count indictment, with robbery in the first degree, grand larceny in the first degree, three counts of assault in the second degree, sodomy in the first degree and rape in the first degree. On April 20, he was committed for psychiatric observation. By report dated June 2, 1965 the defendant was found competent to .stand trial. This report was confirmed by consent on June 9.
Thereafter, the defendant proceeded to trial and, on October 8, 1965, he was found guilty of robbery in the first degree, two counts of assault in the second degree, and rape in the first degree. Immediately upon return of the jury’s verdict the court committed the defendant for psychiatric observation and report to determine whether he was eligible for sentence under section 2189-a of the then existing Penal Law. Sentence was adjourned to November 19, 1965.
On the date of sentence the psychiatric report, dated November 5, 1965 was submitted to the court. Defense counsel acknowledged that a copy had previously been transmitted *37 to his office, that he had read it and that he had advised defendant of its contents. The report indicated specifically that defendant had been “ remanded here for examination in respect to his suitability for sentencing under. Section 2189A of the Penal Law”. In finding the defendant without psychosis or mental deficiency, the report explicitly indicated that ‘ ‘ there has been no history of violence or aggressiveness, especially concerned with sexuality. He, therefore, does not qualify under Section 2189 [A] of the Penal Law ’ ’.
Although no provision was made in the law therefor, skilled and experienced defense counsel moved to confirm the report. Indication of this is found both in the sentencing minutes and in an indorsement on the indictment. The District Attorney joined in the application. Sentence thereupon followed. On the charge of robbery in the first degree the court imposed a term of 10 to 20 years in State’s prison, on the charge of assault with intent to commit robbery, the court imposed a term of 2% to 5 years to run concurrently with the sentence imposed for robbery in the first degree. On the count charging rape in the first degree the court imposed a term of 10 to 20 years to run consecutively to the sentence imposed for robbery in the first degree. On the charge of assault with intent to commit rape, the court imposed a term of 2% to 5 years, to run concurrently with the sentence imposed for rape in the first degree.
The appeal which followed resulted in an affirmance of the judgment imposed by the trial court (27 A D 2d 645).
Defendant now contends that the report submitted to the court indicating that he did not qualify for sentencing under section 2189-a of the Penal Law was superficial, perfunctory and inadequate for the purpose for which it was intended; that he should have been given an opportunity to controvert it and the failure of the court to hold a plenary hearing- before determining to sentence him under the provisions of section 2010 of the old Penal Law rather than under section 2189-a deprived him of due process in violation of the Fourteenth Amendment to the Federal Constitution.
Laying aside the fact that defendant’s counsel was furnished with a copy of the report of November 5, 1965, and moved to confirm it, defendant completely misconstrues the purpose of section 2189-a. That section was enacted primarily to protect society from the depredations of those manifesting certain sexual abnormalities. Treatment was the carrot offered in exchange for the extended sentence. This quid pro quo, with *38 the promise that the prisoner would be discharged when the cause leading to the aberrant sexual behavior had ceased to exist, avoided constitutional pitfalls (see Specht v. Patterson, 386 U. S. 605). It was never intended as a haven to permit a sex deviant from escaping the punishment specified by law. Thus, People v. Rhodes (15 N Y 2d 729) makes clear that even where a psychiatric report Would have justified a sentence under section 2189-a, discretionary power remained in the court to impose a straight prison term.
Defendant’s reliance on Specht is misplaced. That case does no more than hold that where the law provided for an optional extended sentence in lieu of the normal sentence, dependent upon the existence of specified conditions, a separate, plenary hearing to determine whether the conditions exist must be held before the optional sentence may be imposed (to the same effect see United States ex rel. Gerchman v. Maroney, 355 F. 2d 302). In this case, however, the converse is the situation. Here, the court elected to sentence the defendant under the normal rather than the extraordinary procedure. In such case no hearing is necessary (People v. Laskaris, 28 A D 2d 586) and the failure to conduct a hearing violates no canon of due process (Williams v. New York, 337 U. S. 241).
Before closing, a brief relation of some of the post-conviction remedies here sought to be employed would be appropriate. In 1967, defendant applied to the Federal courts for a writ of habeas corpus. That application was denied (Adams v. Follette, 67 Civ. 3705, U. S. D. C., S. D. N. Y., McGohet, J., affd. on oral argument June 10, 1970 [C. A. 2d, Docket No. 33935], cert. den. 400 U. S. 949). Thereafter, on June 14, 1971, application was made to this court for a writ of error coram nobis, predicated upon the alleged incompetency of counsel. That application was denied. Appeal was taken from this determination to the Appellate Division. More than two years later it was dismissed for failure to perfect the appeal. On February 22, 1972, a motion was made to vacate the judgment of conviction upon the ground that the defendant was an incompetent person prior to and at the time of trial. This, too, was dismissed without hearing. Leave to appeal from this determination was denied on May 18, 1972. On March 23, 1972, defendant again moved to vacate the judgment of conviction again alleging incompetency. This time he urged epileptic seizures, the last of which occurred at least five years prior to the crimes for which he was convicted, as evidence of such incompetence. For' reasons not here germane, the motion was *39 returned to the motion calendar of July 5, 1972 and on July 11, 1972 it was denied, without hearing.
It must be noted that these repetitious and frequently groundless applications for habeas relief, writs of error coram nobis and resentence add heavily to the burdens of a court already stretched almost to the breaking point. Defendants, who have a constitutional right to a speedy trial, languish in detention facilities because much of the court’s time is consumed with these pointless and. meritless proceedings.
In light of the foregoing, there is no basis for the assignment of counsel (Johnson v. Avery, 393 U. S. 483, 487-488) and this motion is, in all respects, denied.